IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLON CARTER, LINDSAY HORNE, RUDOLPH LOPEZ, TIMOTHY O'KRINSKY, OLEN DAVISON, JAMES HOBBS, JR., GEORGE HOLT, III, ARNOLD ANZALDUA, MATTHEW BROWN, GREGORY BISHOP, SCOTT HEURING, ROBERT SMITH, JR., JOHN WAUHOP, MICHAEL COATS, SCOTT CARON, JUSTIN FRANKLIN, LUBOMIR MASEK, TIPTON HAMILTON, JUAN ROLANDO HERNANDEZ, and DUSTIN HANSEN, on behalf of themselves and all others similarly situated, | § § § § § § § § § § § § § § § § | Civil Action No. 4:08-cv-3790 COLLECTIVE ACTION (JURY TRIAL) |
| Plaintiffs, | § § | |
| v. | § § | |
| LENNAR CORPORATION and LENNAR HOMES OF TX L&C, LTD. | § § § | |
| Defendants. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Plaintiffs Marlon Carter ("Carter"), Lindsay Horne ("Horne"), Rudolph Lopez ("Lopez"), Timothy O'Krinsky ("O'Krinsky"), Olen Davison ("Davison"), James Hobbs, Jr. ("Hobbs"), George Holt, III, ("Holt"), Arnold Anzaldua ("Anzaldua"), Matthew Brown ("Brown"), Gregory Bishop ("Bishop"), Scott Heuring ("Heuring"), Robert Smith, Jr. ("Smith"), John Wauhop ("Wauhop"), Michael Coats ("Coats"), Scott Caron ("Caron"), Justin Franklin ("Franklin"), Lubomir Masek ("Masek"), Tipton Hamilton ("Hamilton"), Juan Rolando Hernandez ("Hernandez"), and Dustin Hansen ("Hansen") (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, and file this First Amended Complaint against

Lennar Corporation and Lennar Homes of Texas L&C, Ltd. (collectively, "Defendants" or "Lennar"), and in support thereof would show as follows:

## INTRODUCTION

1.      Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover unpaid overtime compensation from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      This case involves violations of Title 29, Chapter 8, the Fair Labor Standards Act ("FLSA").  Specifically, the claims of Plaintiffs and those similarly situated concern violations of the Fair Labor Standards Act which provides that employees must be compensated at a rate of 1 1/2 times the regular rate of compensation for all hours worked in excess of 40 hours in a work week.

3.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, litigation expenses, including expert witness fees, and pre-judgment and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiffs, and all others similarly situated, in the course of their employment with the Defendants.

4.      Plaintiffs and all others similarly situated demand a jury trial.

5.      This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

6.      Plaintiff Marlon Carter, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of

Defendants, Carter engaged in commerce or the production of goods for commerce. Carter's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto as Exhibit 1.

7.     Plaintiff Lindsay Horne, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Horne engaged in commerce or the production of goods for commerce. Horne's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 2.

8.     Plaintiff Rudolph Lopez, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Lopez engaged in commerce or the production of goods for commerce. Lopez's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 3.

9.     Plaintiff Timothy O'Krinsky a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, O'Krinsky engaged in commerce or the production of goods for commerce. O'Krinsky's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 4.

10.     Plaintiff Olen Davison a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year

period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Davison engaged in commerce or the production of goods for commerce. Davison's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 5.

11.    Plaintiff James Hobbs, Jr., a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Hobbs engaged in commerce or the production of goods for commerce. Hobbs' consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 6.

12.    Plaintiff George Holt, III, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Holt engaged in commerce or the production of goods for commerce. Holt's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 7.

13.    Plaintiff Arnold Anzaldua, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Anzaldua engaged in commerce or the production of goods for commerce. Anzaldua's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 8.

14.    Plaintiff Matthew Brown, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Brown engaged in commerce or the production of goods for commerce.  Brown's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 9.

15.    Plaintiff Gregory Bishop, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Bishop engaged in commerce or the production of goods for commerce.  Bishop's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 10.

16.    Plaintiff Scott Heuring, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Heuring engaged in commerce or the production of goods for commerce.  Heuring's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 11.

17.    Plaintiff Robert Smith, Jr., a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Smith engaged in commerce or the production of goods for commerce.  Smith's

consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 12.

18.    Plaintiff John Wauhop, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Wauhop engaged in commerce or the production of goods for commerce.  Wauhop's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 13.

19.    Plaintiff Michael Coats, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Coats engaged in commerce or the production of goods for commerce.  Coats' consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 14.

20.    Plaintiff Scott Caron, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of Defendants, Caron engaged in commerce or the production of goods for commerce.  Caron's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 15.

21.    Plaintiff Justin Franklin, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint.  In performing his duties as an employee of

Defendants, Franklin engaged in commerce or the production of goods for commerce. Franklin's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 16.

22.    Plaintiff Lubomir Masek, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Masek engaged in commerce or the production of goods for commerce. Masek's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 17.

23.    Plaintiff Tipton Hamilton, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Hamilton engaged in commerce or the production of goods for commerce. Hamilton's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 18.

24.    Plaintiff Juan Rolando Hernandez, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Hernandez engaged in commerce or the production of goods for commerce. Hernandez's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 19.

25.    Plaintiff Dustin Hansen, a resident of Harris County, Texas, was employed by Defendants within the meaning of the FLSA as a "construction manager" during the three-year

period preceding the filing of this complaint. In performing his duties as an employee of Defendants, Hansen engaged in commerce or the production of goods for commerce. Hansen's consent was previously filed with the Court and is incorporated herein by reference and is attached hereto Exhibit 20.

26. The "Members of the Class" are all current and former employees of Defendants, on or both of them, who worked as a "construction manager" or "builder" without overtime compensation during the three-year period preceding the filing of this complaint. Like Plaintiffs, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendants. These similarly situated persons are referred to as "Members of the Class," "the Class," "similarly situated employees," or "others similarly situated."

27. Defendant Lennar Corporation is a United States company that does business throughout the state of Texas and Houston. Lennar Corporation has entered an appearance herein.

28. Defendant Lennar Homes of Texas L&W, Ltd. is a Texas corporation and has entered an appearance herein.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

30. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. §1391(a) and (b).

## FACTUAL ALLEGATIONS

31.    At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

32.    Lennar is one of the largest home building companies nationwide with operations in at least 16 states.  In the past 3 years, Defendants have employed thousands of individuals throughout the country as "construction managers" or "builders," including Plaintiffs and Members of the Class.

33.    At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants employed and continue to employ employees who have been and continue to be engaged in interstate commerce and/or the production of goods for commerce.

34.    At all relevant times, each of the Defendants had a gross operating revenue in excess of $500,000.

35.    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

36.    At all times pertinent to this Complaint, Defendants were engaged in commerce or the production of goods for commerce as defined § 3(r) and 9(s) of the Act, 29 U.S.C. §203(r) and 203(s).  The annual gross sales of each of the Defendants were in excess of $500,000 annually.

37.    Plaintiffs and others similarly situated are current and/or former employees of Defendants, one or both of them, who worked overtime hours and who were given the job title of "construction manager" or "builder" and misclassified as exempt but whose primary duties were

those of a non-exempt employee and thus deserving overtime compensation. These employees were falsely classified as exempt for purposes of overtime and were paid a salary plus bonus without any overtime compensation.

38.    Plaintiffs and others similarly situated worked an average of more than 60 hours (and sometimes as much as 100 hours) per week without any overtime compensation for those hours worked in excess of 40 hours in a work week.

39.    Defendants failed to comply with 29 U.S.C. § 201-208, in that Plaintiffs and Members of the Class performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs and Members of the Class for those hours worked in excess of forty hours within a work week.

40.    Plaintiffs' employment with Defendants as a "construction manager" provided for salaried compensation plus a bonus. Plaintiffs were not paid one and one-half of their regular rate of pay for their hours worked in excess of forty per week.

41.    In the course of employment with Defendants, Plaintiffs and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty hours per week during one or more work weeks.

42.    Plaintiffs have retained the undersigned counsel to represent them in this action and pursuant to 29 U.S.C. §216(b). Plaintiffs are entitled to recover all reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, incurred in this action.

43.    Defendants' practice of requiring or permitting its non-exempt employees to perform work, in the form of spending time or conducting activities for the benefit of Defendants, violates the FLSA because Plaintiffs and Members of the Class worked more than

40 hours per week without receiving compensation at one and one-half times their hourly rate of pay ("overtime compensation").

44.    The operations of Defendants' offices or locations, and the wages and compensation of Plaintiffs and the Class at each of Defendants' offices or locations, are substantially similar, if not identical.

45.    The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiffs and the Class.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

46.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47.    Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

48.    Other similarly situated employees are being denied and have been denied their lawful wages.

49.    Plaintiffs and the Members of the Class were improperly categorized as "construction *managers*," thus allowing Defendants to work them without paying overtime.  It was a sham to call them "managers."

50.    Management was not the primary duty of Plaintiffs or the Members of the Class nor did they have any discretion or supervisory responsibilities with respect to other employees of Defendants.

51.    Plaintiffs and the Members of the Class shared common job duties and responsibilities relating to the construction of homes or other residential structures.

52.     Defendants' pattern or practice of failing to pay Plaintiffs and the Members of the Class overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members of the Class.

53.     Thus, Plaintiffs' experiences are typical of the experience of the Members of the Class.

54.     The specific job titles or job requirements of the various Members of the Class do not prevent collective treatment.

55.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

56.     All current and former employees of Defendants, one or both of them, engaged in the construction process, including those who have held the job title of "construction manager," or "builder" at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty in any given work week are properly included as Members of the Class.

57.     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by the FLSA, 29 U.S.C. §216(b).  Plaintiffs bring these claims on their behalf and on behalf of Members of the Class who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

58.     Plaintiffs request that Defendants identify all prospective Members of the Class in order that proper notice of their right to consent to participation in the class may be distributed, including their name, dates of employment, job title(s), last known address and phone number.

59.    Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

60.    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

61.    Plaintiffs contend that this action is appropriate for class action status because each named Defendant herein has acted in the same manner with regard to all Members of the Class.

62.    Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiffs have retained counsel competent and experienced in complex employment matters and class actions.

## CAUSES OF ACTION: VIOLATIONS OF THE FLSA

63.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64.    Plaintiffs and all others similarly situated are considered non-exempt employees and were improperly compensated as salaried or exempt employees.

65.    Plaintiffs and all others similarly situated are entitled to overtime pay for all hours in excess of 40 hours worked during each seven-day work week.

66.    During Plaintiffs' employment they each routinely worked well in excess of 40 hours per week. Even though Plaintiffs and all others similarly situated worked well in excess of 40 hours per week, Defendants have failed to pay Plaintiffs and all others similarly situated for those hours worked in excess of 40 per week.

67.     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

68.     Defendants have not made a good faith effort to comply with the FLSA.

69.     Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

70.     In further violation of the FLSA, Defendants have failed to maintain accurate employee records, including the number of hours worked per work week, by Plaintiffs and by all other similarly situated employees.

71.     Defendants deliberately misclassified Plaintiffs and Members of the Class as exempt or salaried employees to avoid paying them overtime compensation.

72.     No exemption excused the Defendants from paying Plaintiffs and all others similarly situated overtime pay for all of the hours worked over forty per week.

73.     Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

74.     By reason of the intentional, willful and unlawful acts of Defendants all Plaintiffs and Members of the Class have suffered damages and are incurring costs, litigation expenses, and reasonable attorney's fees.

75.     Plaintiffs and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs and all others similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures previously established pursuant to 29 U.S.C. §216 of the Fair Labor Standards Act and conditionally certify a class as described herein pending the identification of and receipt of consent from prospective Members of the Class, and that subsequent thereto Plaintiffs and all other Members of the Class recover the following:

     a.     Damages and restitution for all unpaid wages, unpaid overtime compensation (at one and one-half times their hourly rate of pay), back pay, and unpaid minimum wages and other injuries, as provided by the FLSA;

     b.     Liquidated damages, as provided by the FLSA;

     c.     All applicable penalties for the violations set forth herein;

     d.     Reasonable attorney's fees, with conditional awards in the event of appeal;

     e.     Pre-judgment interest at the highest rate permitted by law;

     f.     Post-judgment interest from the judgment until paid at the highest rate permitted by law;

     g.     Costs and litigation expenses, including expert fees, as provided by the FLSA; and

     h.     Such other and further relief, at law or in equity, as this Court deems necessary.

Respectfully submitted,

/s/ Rhonda H. Wills
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District ID No. 20699
WILLS LAW FIRM
2700 Post Oak, Suite 1350
Houston, Texas  77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel for Defendants, as listed below, via electronic filing, on **February 22, 2009**:

Ted D. Meyer
Jones Day
717 Texas, Suite 3300
Houston, Texas  77002

/s/ Rhonda H. Wills
Rhonda H. Wills